IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
ANGELA DENISE NAILS,        )
                            )
    Plaintiff,              )
                            )
    v.                      )   CIVIL ACTION NO.
                            )   1:07cv438-MHT
EAST GATE INN,              )        (WO)
                            )
    Defendant               )
```

OPINION

The court now has before it the motion to proceed in forma pauperis filed by plaintiff Angela Denise Nails, who is a frequent litigant in the Middle District of Alabama. Nails has not only brought more than 20 other lawsuits in this district (most, if not all, of which were dismissed as frivolous), she has, in fact, also brought a similar lawsuit before in this court. In <u>Nails v. East Gate Inn (Nails I)</u>, 1:06cv247-WKW, Nails brought what appears to be an identical claim against defendant East Gate Inn. Based on the magistrate judge's

recommendation, this court dismissed <u>Nails I</u>, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii), for failure to state a claim. This court finds that this outcome is appropriate on this, Nails's second attempt to bring a claim against East Gate Inn.

It is well established that a two-step procedure should be followed in processing a complaint filed pursuant to 28 U.S.C. § 1915. "First, the district court should determine whether the plaintiff satisfies the economic eligibility criterion under 28 U.S.C. § 1915(a)[(1)]. Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees."[1] <u>Woodall v. Foti</u>,

---

    1.   Section 1915(a)(1) provides:

> "Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person
> (continued...)

648 F.2d 268, 271 (5th Cir. June 1981) (per curiam); see also Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985).[2] Second, once leave has been granted, this provision allows the district court to dismiss the complaint prior to service of process if it determines the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and thus the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." Woodall, 648 F.2d at 271; see also Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). The motion filed by Nails

---

1. (...continued)
is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

2. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

satisfies the economic eligibility criteria of § 1915(a)(1). Accordingly, the complaint may be filed without prepayment of fees.

The court is, however, of the view that Nails's complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i)-(iii). Nails fails to state a claim on which relief can be granted. Specifically, although Nails, as she did in Nails I, points to "housing discrimination" law, she fails again to allege any form of discrimination that federal law protects against. As this court explained to her in Nails I, federal law prohibits discrimination in public accommodations, such as inns, and in rental housing, on the basis of race, color, religion, disability or national origin. See, e.g., 42 U.S.C. §§ 2000a, 3604, 3606, 12181. Although informed before as to what she needed to allege to state a claim under federal law, Nails again alleges only that the clerk "gave information" to the church that was paying her rent; she does not allege anywhere in the

claim that the behavior was discriminatory, or the result of a discriminatory motive.

Nails's complaint here, therefore, should be dismissed before service on the defendant pursuant to § 1915(e)(2)(B)(i)-(iii). See Neitzke v. Williams, 490 U.S. 319 (1989); Denton v. Hernandez, 504 U.S. 25 (1992); see also Bilal, 251 F.3d 1346.

An appropriate judgment will be entered.

DONE, this the 23rd day of May, 2007.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).