IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS,           ) | |
| )   | |
|     Plaintiff,               ) | |
| )   | |
| v.                             ) | CIVIL ACTION NO. |
| )   | 1:07cv438-MHT |
| EAST GATE INN,                 ) | (WO) |
| )   | |
|     Defendant               ) | |

OPINION

The court now has before it the motion to proceed in forma pauperis filed by plaintiff Angela Denise Nails, who is a frequent litigant in the Middle District of Alabama. Nails has not only brought more than 20 other lawsuits in this district (most, if not all, of which were dismissed as frivolous), she has, in fact, also brought a similar lawsuit before in this court. In Nails v. East Gate Inn (Nails I), 1:06cv247-WKW, Nails brought what appears to be an identical claim against defendant East Gate Inn. Based on the magistrate judge's

recommendation, this court dismissed <u>Nails I</u>, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii), for failure to state a claim.  This court finds that this outcome is appropriate on this, Nails's second attempt to bring a claim against East Gate Inn.

It is well established that a two-step procedure should be followed in processing a complaint filed pursuant to 28 U.S.C. § 1915.  "First, the district court should determine whether the plaintiff satisfies the economic eligibility criterion under 28 U.S.C. § 1915(a)[(1)].  Upon a finding of economic justification, the court should allow the complaint to be docketed without prepayment of fees."[1]  <u>Woodall v. Foti</u>,

---

1. Section 1915(a)(1) provides:

> "Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person
> (continued...)

648 F.2d 268, 271 (5th Cir. June 1981) (per curiam); see also Procup v. Strickland, 760 F.2d 1107, 1114 (11th Cir. 1985).[2]  Second, once leave has been granted, this provision allows the district court to dismiss the complaint prior to service of process if it determines the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and thus the court may "spare the defendant the inconvenience and expense of answering a frivolous complaint." Woodall, 648 F.2d at 271; see also Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001).  The motion filed by Nails

---

    1.  (...continued)
is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

    2.  In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

satisfies the economic eligibility criteria of § 1915(a)(1). Accordingly, the complaint may be filed without prepayment of fees.

The court is, however, of the view that Nails's complaint should be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i)-(iii). Nails fails to state a claim on which relief can be granted. Specifically, although Nails, as she did in Nails I, points to "housing discrimination" law, she fails again to allege any form of discrimination that federal law protects against. As this court explained to her in Nails I, federal law prohibits discrimination in public accommodations, such as inns, and in rental housing, on the basis of race, color, religion, disability or national origin. See, e.g., 42 U.S.C. §§ 2000a, 3604, 3606, 12181. Although informed before as to what she needed to allege to state a claim under federal law, Nails again alleges only that the clerk "gave information" to the church that was paying her rent; she does not allege anywhere in the

claim that the behavior was discriminatory, or the result of a discriminatory motive.

Nails's complaint here, therefore, should be dismissed before service on the defendant pursuant to § 1915(e)(2)(B)(i)-(iii).  See Neitzke v. Williams, 490 U.S. 319 (1989); Denton v. Hernandez, 504 U.S. 25 (1992); see also Bilal, 251 F.3d 1346.

An appropriate judgment will be entered.

DONE, this the 23rd day of May, 2007.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**